**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Kenny Hendrix,

Plaintiff

v.

Sheriff Kevin McMahill, et al.,

Defendants.

Case No.: 2:23-cv-00655-JAD-NJK

**Order Screening Complaint**

Plaintiff Kenny Hendrix brings this civil-rights action under 42 U.S.C. § 1983, claiming that his rights were violated when he was denied medical treatment. Because Hendrix applies to proceed *in forma pauperis*,[1] I screen his complaint under 28 U.S.C. § 1915A. I find that he has not pled any colorable claims, and I give him leave to file an amended complaint by July 28, 2023.

**Background**

**A. Plaintiff's factual allegations**[2]

Hendrix alleges that he was denied medical treatment and states "please see exhibits."[3] The complaint further alleges that Hendrix is in the custody of the Metro Police Department, that Wellpath Medical is responsible for providing medical treatment, and that Kevin McMahill is the sheriff.[4]

---

[1] ECF No. 1.

[2] These facts are merely a summary of the plaintiff's allegations and are not intended as findings of fact.

[3] ECF No. 1-1 at 16. The complaint includes 13 pages of medical requests that Hendrix made while incarcerated. *Id.* at 2–15.

[4] *Id.* at 7.

**B. Plaintiff's causes of action**

Based on these events, Hendrix sues defendants Sheriff Kevin McMahill, Metro Police Dept., and Wellpath Medical and alleges a claim of "denial of medical" and seeks damages or release from jail to have surgery.[5]

## Discussion

**A. Screening standard**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[6] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.[7] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[8]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief.[9] In making this determination, the court takes all allegations of material fact as true and construes them in the

---

[5] *Id.* at 1, 19.

[6] *See* 28 U.S.C. § 1915A(a).

[7] *See* 28 U.S.C. § 1915A(b)(1)(2).

[8] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[9] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

light most favorable to the plaintiff.[10] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[11] but a plaintiff must provide more than mere labels and conclusions.[12] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[13] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[14]

**B. Analysis of claims**

***1. Hendrix fails to state a colorable claim.***

Under District of Nevada General Order No. 2021-05, which applies to pro se civil-rights complaints filed by inmates, "the complaint or any amended complaint must sufficiently state the facts and claims without reference to exhibits or affidavits. Failure to state the facts and claims within the body of the complaint or amended complaint, without reference to any attached exhibits or affidavits, may result in dismissal." Hendrix's complaint does not include any specific allegations at all and simply directs the reader to review the exhibits. Because the complaint fails to state the facts of the case without reference to the attached exhibits, I dismiss the complaint without prejudice and with leave to amend. If Hendrix chooses to file an amended complaint, he must allege all the facts necessary to support his claim in the body of the complaint, without reference to exhibits.

---

[10] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[11] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[14] *Id.*

In the interest of judicial efficiency, I will briefly discuss some legal standards that may be applicable to this case. Hendrix should review these standards and take them into consideration before filing any amended complaint.

### *2. Inadequate medical care under the Fourteenth Amendment*

It appears that Hendrix may be a pretrial detainee. Pretrial detainees may raise inadequate-medical-care claims under the Fourteenth Amendment's Due Process Clause.[15] Courts evaluate these claims under an objective deliberate-indifference standard.[16] The elements of a pretrial detainee's Fourteenth Amendment inadequate-medical-care claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries."[17] The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each particular case.[18] A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard."[19]

---

[15] *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018).

[16] *Id.* at 1125.

[17] *Id.*

[18] *Id.*

[19] *Id.*

### *3. Stating a claim against various defendants*

It appears that Hendrix is attempting to state a claim against Sheriff Kevin McMahill based on his role as a supervisor. A defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant."[20] "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§]1983."[21]

Hendrix is also bringing a claim against the Las Vegas Metropolitan Police Department. A municipality may be found liable under 42 U.S.C. § 1983 only if the municipality itself caused the violation at issue.[22] To state a claim for municipal or county liability, a plaintiff must allege that he suffered a constitutional deprivation that was the product of a policy or custom of the local government unit.[23] "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."[24] Municipalities are not vicariously liable under § 1983 for their employees' actions.[25]

Finally, Hendrix is bringing a claim against Wellpath Medical, which appears to be a private entity. "For purposes of claims brought under § 1983, a private entity . . . is treated as a

---

[20] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[21] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

[22] *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978)).

[23] *City of Canton*, 489 U.S. at 385.

[24] *See Connick v. Thompson*, 563 U.S. 51, 61 (2011).

[25] *Id.* at 60.

municipality" and is subject to *Monell* liability.[26] To make out a claim against a private entity under *Monell*, a plaintiff must show that (1) the private entity acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of the private entity.[27]

**C. Leave to amend**

Hendrix is granted leave to file an amended complaint to state a colorable claim of inadequate medical care under the Fourteenth Amendment. If Hendrix chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint, so the amended complaint must be complete in itself.[28] He must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Hendrix must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege facts sufficient to show what each defendant did to violate his civil rights. **He must file the amended complaint by July 28, 2023.**

. . .

[26] *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (holding that "the requirements of *Monell* do apply to suits against private entities under § 1983").

[27] *Id.*

[28] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

**Conclusion**

IT IS THEREFORE ORDERED that the Clerk of the Court is directed to **FILE** the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that THE COMPLAINT IS DISMISSED in its entirety without prejudice and with leave to amend by July 28, 2023.

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** plaintiff the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1). If plaintiff chooses to file an amended complaint, he must use the approved form and he must write the words "First Amended" above the words "Civil Rights Complaint" in the caption. The amended complaint will be screened in a separate screening order, and **the screening process will take many months. If plaintiff does not file an amended complaint by July 28, 2023, this action will be dismissed without prejudice for failure to state a claim.**

Dated: June 15, 2023

U.S. District Judge Jennifer A. Dorsey